# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| ) | |
| ) | Criminal No. 7:19-cr-61 |
| **v.** ) | |
| ) | |
| ) | By: Hon. Robert S. Ballou |
| ) | United States Magistrate Judge |
| ) | |
| **MATTHEW CHRISTOPHER BROWN,** ) | |
| ) | |
| *Defendant*. ) | |

## REPORT AND RECOMMENDATION

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to me for the purpose of conducting a plea hearing.

The government has charged the defendant in a two-count criminal indictment. The defendant proposed to plead guilty to Count One and the government would move to dismiss Count Two at sentencing. Count One charges that from on or about at least as early as October 10, 2018 until on or about November 15, 2018, the defendant did knowingly distribute and receive, and did knowingly attempt to distribute and receive, child pornography as defined in 18 U.S.C. § 2256(8)(A), that had been mailed, shipped and transported in or affecting interstate or foreign commerce by any means, including by computer, to wit: an image(s) depicting a prepubescent minor or minor who had not attained 12 years of age engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1).

All these events were charged as occurring within the Western District of Virginia.

A change of plea hearing was conducted before me on November 8, 2019. The defendant was at all times present in person and with his counsel, Christine Lee. The United States was represented by Dan Bubar, First Assistant U.S. Attorney. The proceedings were recorded by FTR. See Fed.R.Crim.P.11(g).

With the defendant's informed and written consent, I made a Rule 11 inquiry; the government presented a written statement of facts for the purpose of establishing an independent basis for the defendant's plea; and the defendant entered a plea of guilty to the offense charged in Count One of the Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use any statement that he gives under oath against her. See Rule 11(b)(1)(A).

The defendant testified to the following personal facts: his name is Matthew Christopher Brown. He is 30 years of age, and he completed high school as well as some college. He is a citizen of the United States, and is able to read, write, and understand English without difficulty. He testified that he suffers from depression and anxiety, for which he was presently taking daily medications, as well as substance abuse problems with drugs including methamphetamine and heroin. However, he testified that he could fully participate in the proceeding. He stated that he understood he was in court for the purpose of entering a plea of guilty to a felony offense which he could not later withdraw. Upon inquiry, the defendant's attorney represented that she had no reservations about the defendant's competency to enter a plea of guilty to the felony offense

charged in Count One of the Indictment.

The defendant acknowledged that he had received a copy of the Indictment; it had been fully explained to him; he had discussed the charges with his attorney, and he had been given enough time to do so. He stated he understood the nature of the charges against him in the Indictment and specifically understood that it charged felony offenses. See Rule 11(b)(1)(G). He stated that his decision to enter a plea of guilty to Count One had been made after consulting with his attorney. He stated he was fully satisfied with the services of his attorney, and it was his intention and desire to enter a guilty plea to the felony offenses described in the plea agreement.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States District Court Judge, and he gave his verbal and written consent to proceed with the hearing before me. The defendant's written consent was filed and made a part of the record.

Counsel for the parties previously informed the court that the defendant's proposed plea of guilty was to be made pursuant to a written plea agreement (see Rule 11(c)(2)). Counsel for the government set forth the government's understanding of the plea agreement in some detail, including: the agreement for the defendant to plead guilty to distributing and receiving child pornography (Count One); at sentencing, the government will move to dismiss Count Two if the defendant has complied with all obligations under the plea agreement [¶A.3]; the defendant's express acknowledgment of the minimum and maximum sentences for the offense [¶ A.1]; the defendant's express understanding of his various potential monetary obligations, including that he may be required to pay fees for his prosecution, incarceration, and supervised release, and that he must pay a $100.00 special assessment per felony count of conviction pursuant to 18 U.S.C. § 3013, a $5,000 assessment pursuant to 18 U.S.C. § 3014 if deemed non-indigent, and an

assessment of no more than $35,000 pursuant to 18 U.S.C. § 2259A, as determined by the Court, including by consideration of the factors set forth in §§ 3553(a) and 3572 [¶¶ A.1 & B.4.a]; the defendant's admission of his factual guilt to Count One of the Indictment and his stipulation that there is a sufficient factual basis to support each and every material allegation underlying the said charges to which he was proposing to plead guilty [¶ F.5]; the defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2]; the government's agreement to recommend a 2-level reduction of offense level, as well as, if applicable, at sentencing, a one-level reduction of offense level pursuant to U.S.S.G. § 3E1.1(b) for purposes of any guidelines calculation [¶B.2]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration of the United States Sentencing Guidelines" and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1]; the defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the court [¶ B.1]; the defendant's stipulation that all matters pertaining to any of the counts of the charging document are relevant sentencing conduct [¶ B.2]; the defendant's stipulation to the 2G2.2(a)(2) guideline section establishing a base level of 22 and that the offense involved distribution [¶ B.2]; the terms of the acceptance of responsibility provision [¶ B.2]; the defendant's financial disclosure obligation [¶ B.4.b]; the forfeiture of a ZTE cellular telephone and two Secure Digital (SD) cards [¶ C]; the scope of the defendant's express waiver of his right of direct appeal [¶ D.1]; the scope of the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶ D.2]; the defendant's waiver of all rights to access of investigation or prosecution records or information [¶ D.3]; the right of the government to deport, deny United States citizenship of, and deny future admission to the United States to the defendant because of his

conviction if he is not a United States citizen [¶ D.7]; the remedies available to the government in the event of a breach of the agreement by the defendant [¶ E]; the defendant's acknowledgment that he had been effectively represented in this case [¶ F.3]; the parties' express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶ F.5]. See Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

The defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the government's attorney; he further represented that he had reviewed and initialed every page with his lawyer. Counsel for the defendant, likewise, represented that his understanding was the same and he stated that he was satisfied that the defendant understood all of its terms. The defendant was shown the plea agreement; and he affirmed it to be his signature on the document. He further testified that no one had made any other, different, or additional promises or assurances of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed, and made a part of the record. See Rule 11(b)(2).

The defendant acknowledged that he knew his plea, if accepted, would result in him being adjudged guilty of a felony offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

After the range of punishments for the offense charged in Count One of the Indictment had been outlined to the defendant, he acknowledged that he understood the minimum penalty provided by law for conviction of Count One to be confinement in a federal penitentiary for 5 years and a maximum penalty to be confinement in a federal penitentiary for 20 years, a

$250,000 fine, and a term of supervised release of at least five (5) years. In addition, the defendant acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment as to Count One. See Rule 11(b)(1)(L). The defendant was also notified that he must pay mandatory restitution of not less than $3,000 per victim to any victim for the entire scope of his criminal conduct—exclusive of interests and costs. Further, the defendant was advised that he may be charged an assessment of $5,000 if he is not indigent under 18 U.S.C. § 3014, as well as an assessment of no more than $35,000 under 18 U.S.C. § 2259A as may be determined by the court. The defendant was informed that he would be required to register as a sex offender and keep the registration current in each jurisdiction where he resides, is an employee, and is a student. See 18 U.S.C. § 3583(d).

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; any applicable forfeiture; and any need to provide for restitution. See Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines, and other factors under 18 U.S.C. § 3553(a). See Rule 11(b)(1)(M). He stated that

he understood that the court will not be able to determine the recommended guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw this guilty plea. See Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and he knew any violation of the terms or conditions of such supervised release could result in him being returned to prison for an additional period of time. See Rule 11(b)(1)(H).

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence; the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, hear, confront, and cross-examine all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in her defense; and his right to a unanimous guilty verdict. See Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. See Rule 11(b)(1)(F).

Pursuant to the terms of the plea agreement [¶ D.1], the defendant expressly

acknowledged that he understood that he was giving-up all waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶ D.2], he expressly acknowledged that he understood he was giving-up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding.

The defendant acknowledged that in the event he received a more severe sentence than he expected or the court did not accept any sentencing recommendation by the government, he would still be bound by his guilty plea and would have no right to withdraw it. In addition, he expressly acknowledged that as part of any sentence the court may order him to serve a term of post-incarceration "supervised release" and that if he violated the terms of his supervised release he could be returned to prison for an additional period of time.

In direct response to further questioning, the defendant also testified that he was pleading guilty to the offense charged in Count One because he had in fact knowingly received child pornography and that the government evidence showed that he distributed or attempted to distribute child pornography that had been mailed, shipped and transported in or affecting interstate commerce or foreign commerce by any means, including by computer.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government proffered a written statement of facts signed by the defendant and all counsel which summarized the facts that the government was prepared to prove at trial to establish the offenses charged against this defendant in Count One. See Rule 11(b)(3). The written statement of facts was filed into the record.

After testifying that he had heard and understood all parts of the proceeding and after consulting further with his attorney, the defendant stated that he remained ready to plead guilty pursuant to the terms of the plea agreement. However, the defendant only admitted to receiving

8

child pornography, not to distributing child pornography, but acknowledged that the government had evidence showing his distribution of child pornography. Counsel for the government stated that while the government intended to present evidence that the defendant distributed child pornography at the sentencing hearing, the government was still willing to agree to the proposed plea deal even though the defendant only admitted to receiving child pornography.

Thereupon, Count One of the Indictment was read to the defendant; he was called-upon for his plea, and he entered a plea of GUILTY to the offense charged in Count One alleging his violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a presentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the presentence report and to file objections to it.

## GOVERNMENT'S EVIDENCE

The government proffered that matters leading to the Indictment occurred in Roanoke, Virginia, which is located in the Western District of Virginia. Regarding Count One, a Roanoke City Police Department detective attempting to serve defendant with an outstanding state probation violation warrant apprehended the defendant on November 15, 2018. The detective then found two micro SD cards in a hidden compartment in an energy in a backpack that was next to defendant at the time of defendant's apprehension. Defendant then stated that the SD cards contained child pornography and that similar pictures were on his phone. An examination

of the defendant's phone included evidence of defendant using his phone and online communication with others about the dissemination of child pornography. Further, interviews with other individuals corroborated the defendant's communications regarding child pornography.

All of the above facts took place in the Western District of Virginia.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, I submit the following formal findings of fact, conclusions, and recommendations:

1. The defendant is fully competent and capable of entering an informed plea to the charge set forth in Counts One of the Indictment;

2. The defendant is fully aware both of the nature of the charges set forth in Count One and the consequences of his guilty plea;

3. The defendant is fully informed, and he understands the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

5. The defendant's entry into the plea agreement and his tender of a plea of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

6. The defendant knowingly and voluntarily entered his said plea of guilty;

7. The defendant's plea of guilty did not result from force, threats, inducements, or promises other than those promises contained in the written plea

agreement;

8.     The plea agreement complies with the requirements of Rule 11(c)(1); and

9.     The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, I **RECOMMEND** that the court accept the defendant's plea of guilty to the offense charged in Count One of the Indictment, that he be adjudged guilty of the said felony offense, and that a sentencing hearing be set before the presiding district judge. I further **RECOMMEND** that at sentencing, the court **DISMISS** all remaining counts in the indictment.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by me. The presiding district judge may also receive further evidence or recommit the matter to me with instructions. A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.

The Clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the 14-day period the Clerk is directed to transmit the

record in this matter to Michael F. Urbanski, Chief United States District Judge.

                                                Enter: November 13, 2019

*Robert S. Ballou*

                                                Robert S. Ballou
                                                United States Magistrate Judge